E-FILED
Thursday, 05 June, 2008 03:08:49 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY BAILEY,    )
                )
    Petitioner,    )
                )
v.              )    Case No. 07-1224
                )
JOHN CHAMBERS, Warden,    )
                )
    Respondent.    )

## O R D E R

Now before the Court is Petitioner, Larry Bailey's ("Bailey"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition [#3] is DENIED.

### FACTUAL BACKGROUND

Following a jury trial in the Circuit Court of Peoria County, Illinois, Bailey was convicted of predatory criminal sexual assault, criminal sexual assault, and aggravated criminal sexual abuse. On August 29, 1999, he was sentenced to eight years' imprisonment.

On appeal, the Illinois Appellate Court, Third District vacated Bailey's convictions for criminal sexual assault and aggravated criminal sexual abuse but affirmed his conviction for predatory criminal sexual assault of a child. Bailey filed a Petition for Leave to Appeal to the Illinois Supreme Court, but his petition was denied on May 13, 2002.

On October 19, 2005, Bailey was placed on mandatory supervised release after serving his sentence less the reduction for good time credit. He subsequently violated the terms of his supervised release and was returned to prison.

On March 5, 2003, Bailey filed a motion to reduce his sentence in the Circuit Court for Peoria County. His motion was denied on March 6, 2003. On July 23, 2007, Bailey then filed a state habeas complaint in the Circuit Court for Peoria County arguing that he had served his sentence and should be released. This petition was dismissed on July 31, 2007. On August 24, 2007, Bailey filed a post-conviction petition raising the same claim. The post-conviction petition was dismissed on October 29, 2007. He did not appeal the dismissal of either petition.

Instead, Bailey filed the present Petition for Writ of Habeas Corpus pursuant to § 2254. In this Petition, he raises essentially two claims of error: (1) he was not advised that he would be required to serve a three-year supervised release term after his incarceration, and (2) he was advised that, following revocation and return to prison, he would be required to serve 50%, rather than 85%, of his three-year supervised release term. This Order follows.

## DISCUSSION

Before reaching the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), *quoting* Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988). If the answer to either of these questions is "no," then the failure to exhaust state remedies or procedural default bars the

petition.  Id.  In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail.  Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Exhaustion of a federal claim occurs when it has been presented to the highest state court for a ruling on the merits or when it could not be brought in state court because a remedy no longer exists when the federal petition is filed.  Id.  In the present case, Respondent does not argue that Petitioner has failed to exhaust his state remedies.

Procedural default occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court.  Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992).  This occurs in one of two ways.  First, a procedural default may occur when a petitioner fails to pursue each appeal required by state law, Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993), or when he did not assert the claim raised in the federal habeas petition in the state court system.  Resnover, 965 F.2d at 1458-59.  The second way in which a petitioner may procedurally default a claim is when a state court disposes of the case on an independent and adequate state law ground, regardless of whether that ground is substantive or procedural.  Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2553-55 (1991).

Federal review is barred for claims that are procedurally defaulted unless the petitioner can demonstrate cause and prejudice.  Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 1572-73 (1982); Farrell, 939 F.2d at 411.  Review in federal court is also possible if a fundamental miscarriage of justice would otherwise occur in that a constitutional error probably resulted in the conviction of someone who is actually innocent.  Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 864-67 (1995).

## I. Non-Cognizable Claims

Initially, the Court notes that both of the sentencing claims presented in this § 2254 petition involve purely issues of state law. His claims are not couched in terms of the denial of a federal constitutional or statutory right and contain no citation to federal law or case precedent. Furthermore, the Seventh Circuit has held that application of state sentencing rules and statutes are issues of state law that present no cognizable claim for federal habeas review. Dellinger v. Bowen, 301 F.3d 758, 764 (7th Cir. 2002).

## II. Time-Barred Claims

Even assuming that Bailey's claims could be cognizable in this federal habeas proceeding, there are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the present case, Bailey alleges that he is entitled to relief because he was incorrectly advised regarding the requirement that he serve a three-year supervised release term following his incarceration. Bailey makes no assertion that there is any newly recognized constitutional right or that he was prevented from filing. Thus, this case does not involve the application of sub-sections (B) or (C) above. However, he indicates that he became aware of the factual predicate for these issues the day before his initial release from prison on October 19, 2005, which could be construed as an assertion that he was unable to discover the factual predicate for his claims through the exercise of due diligence prior to October 18, 2005.

Giving Bailey all benefit of the doubt as to his ability to invoke the later date under § 2244(d)(1)(D) for purposes of determining when his conviction became final, the Court will assume that his period of limitations began to run on October 18, 2005. However, his one-year period of limitation had already expired by the time he filed his state habeas complaint and post-conviction petition on July 23, 2007, and August 24, 2007, respectively. Another several months passed prior to the filing of this § 2254 petition. Accordingly, the time elapsed between the time Bailey's appeal became final and the filing of his first post-conviction petition exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a petition brought pursuant to § 2254 by a prisoner in state custody.

With respect to his second claim, Bailey argues that he was also incorrectly advised regarding the computation of his supervised release term when he was returned to prison as a violator on November 29, 2005. Although this claim did not become available to him quite as early as his first claim, it is clear that more than 365 days elapsed between the time his conviction became final for purposes of this claim and the filing of his state habeas petition on July 23, 2007. Therefore, Bailey's second claim is also time barred, and the petition will be denied as untimely.

### III.    Procedurally Defaulted Claims

Finally, assuming arguendo that Bailey presented timely, cognizable claims, they would nevertheless be procedurally defaulted. In order for his claims to be addressed in a § 2254 proceeding, a petitioner must first establish that he has fully and fairly presented his claims to the state courts by giving them a meaningful opportunity to consider the substance of any such claims in one complete round of state court review. Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003), citing Chambers v. McCaughtry, 264 F.3d 732, 737 (7th Cir. 2001).

Here, Bailey did not present current claims to the Illinois Appellate Court or Illinois Supreme Court, as he failed to take any appeal from the denial of his state habeas corpus or post-conviction petitions. Failure to appeal a claim to the state appellate court on post-conviction review results in procedural default. Cawley v. DeTella, 71 F.3d 691, 694 (7th Cir. 1995); White v. Godinez, 192 F.3d 607, 608 (7th Cir. 1999).

Procedurally defaulted claims can be reviewed by a federal court only upon a showing of cause and prejudice or a fundamental miscarriage of justice. Here, Bailey makes no real attempt to demonstrate cause for failing to seek review in the Illinois

Appellate Court or Supreme Court or that he has suffered actual prejudice.  Nor does Bailey make any valid attempt to invoke the fundamental miscarriage of justice exception.  To properly invoke the narrow fundamental miscarriage of justice exception, allegations of constitutional error must be supported by new, reliable evidence that was not presented at trial.  Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 865 (1995).  A petitioner must then show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  Id. at 867-68; Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003).  Bailey makes no showing that he is actually innocent of the charges against him and presents no new, reliable evidence which was not presented at trial.  His bald, conclusory assertions of innocence are utterly insufficient to allow this Court to find that a fundamental miscarriage of justice would occur absent federal review.

Bailey has therefore failed to excuse his procedural default.  Accordingly, for this additional reason, these claims would also be barred from further consideration in this Court.

## CONCLUSION

For the reasons set forth herein, Bailey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#3] is DENIED.  This matter is now terminated.

ENTERED this 5th day of June, 2008.


                                                s/ Michael M. Mihm
                                                  Michael M. Mihm
                                              United States District Judge